E. Craig Smay  #2985
174 E. South Temple
Salt Lake City, Utah 84111
ecslawyer@aol.com, cari@smaylaw.com
Telephone Number (801) 539-8515
Fax Number (801) 539-8544

Attorney for Plaintiffs

IN THE UNITED STATES DISTRICT COURT, DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| PIDGE WINBURN & AMY FOWLER,<br><br>Plaintiffs,<br>vs.<br><br>STATE OF UTAH, LDS CHURCH,<br><br>Defendants. | **CLASS ACTION**<br><br>COMPLAINT<br><br>**JURY DEMAND**<br><br>Case No:  2:13-cv-01129-BCW<br><br>Honorable Brooke C. Wells |

Plaintiffs Pidge Winburn and Amy Fowler individually and on behalf of others similarly situated ("Plaintiffs") bring this action under Utah state law, including, without limitation, §§ 76-10-1602, 76-10-1603,  76-10-1605(1), (2), UCA (1953), and allege as follows:

## JURISDICTION

1. Jurisdiction of this action is conferred upon this Court in light of the existence of a controversy arising under the laws of the United States (28 U.S.C. § 1331), in light of diversity of citizenship of the parties (28 USC § 1332), and supplemental jurisdiction under 28 U.S.C. § 1367.  The amount in controversy, exclusive of interest and costs, exceeds $75,000.00.  This action is not collusive so as to confer

jurisdiction on a Court of the United States that would not otherwise have jurisdiction.  Venue is proper in the District of Utah under 28 USC §1391(a), (b).

## PARTIES

2. Plaintiffs are individuals resident in Salt Lake County, Utah.

3. Plaintiffs are informed and believe, and thereon allege, that defendant State of Utah is a State of the United States.

4. Plaintiffs are informed and believe, and thereon allege, that defendant LDS Church is an entity of defendant State of Utah.

5. Plaintiffs assert that defendant regularly deny to plaintiffs and others the right to freedom of religion and marriage, under the 14th Amendment to the U.S. Constitution.

6. Defendants' wrongful acts, as herein below alleged in greater detail, took place within the District of Utah.

## CLASS ALLEGATIONS

7. This action is brought under Rule 23, FRCP, and 28 U.S.C. §§ 1711 et seq, 1331 and 1332 on behalf of Plaintiffs and others similarly situated who are described as follows:

    a. all persons denied freedom of religion and the right to marry.

8. Plaintiffs are unable to state the exact number of the plaintiff class members without discovery of defendants' records.  Plaintiffs are informed and believe, and thereon allege, that the plaintiff class exceeds 500 members.  The members of each class are so numerous as to make joinder impracticable.

9. There are questions of law or fact common to each class.  For example, the rights

violated as alleged in this litigation are common to each class member. Plaintiffs assert that each has been denied freedom of religion and the right to marry. Plaintiffs also assert that they have been victimized by repeated violations of the Utah Pattern of Unlawful Activity Act (§ 76-10-1601, et seq., UCA (1953)), including at least the following:

    a. threats to take action that cannot legally be taken (15 USC § 1692e (5));

    b. false representations that documents filed are legal process (15 USC § 1692e (13));

    c. "securities fraud" under Title 63, Chapter 1, Utah Uniform Securities Act;

    d. "theft" under Section 76-6-404, UCA (1953);

    e. "theft by deception" under Section 76-6-506, UCA (1953);

    f. "defrauding creditors" under § 76-6-511, UCA (1953);

    g. "confidence game" under §76-10-1109, UCA (1953);

    h. "communications fraud" under § 76-10-1801, UCA (1953);

    i. acts unlawful under Title 18, Section 1961(1)(B), (C), and (D) United States Code (18 USC §§ 1341, 1343, 1344); and

    j. investment of the proceeds of the foregoing in an enterprise (§§ 76-10-1602 (1), 76-10-1603, UCA (1953)).

10. The named Plaintiffs will fairly and adequately protect the interests of each Class. Counsel who are competent and experienced in complex civil litigation represent each class.

11. Pursuant to 29 U.S.C. § 216(b), the named Plaintiffs hereby submit, as <u>Exhibit 13</u> hereto, their written consents to serve as the named Plaintiffs.

12. The claims of the named Plaintiffs are typical of the claims of each class.

13. The prosecution of separate actions by individual class members would create the risk of inconsistent or varying adjudications with respect to individual class members, which could establish incompatible standards of conduct for Defendants. Consequently, class certification is proper under FRCP, rule 23(b)(1)(A).

14. The common questions of law or fact predominate over any questions affecting individual class members only.  A class action is superior to other available methods for the fair and efficient adjudication of the controversy.  Consequently, class certification is proper under FRCP, rule 23(b)(3) and 29 U.S.C. § 216(b).

15. Plaintiffs know of no difficulty that should be encountered in the management of this litigation that would preclude its maintenance as a class action.

## FACTUAL ALLEGATIONS
### Summary

16. Defendants have regularly denied plaintiffs freedom of religion and the right to marry.

## FIRST CLAIM BY CLASS
## FOR VIOLATIONS OF THE FAIR DEBT COLLECTION ACT

17. Plaintiffs hereby incorporate by reference as though fully set forth at length herein paragraphs 1 - 16 of this Complaint.

18. Plaintiffs assert that defendants have regularly denied them freedom of religion and the right to marry.

19. Plaintiffs are informed and believe, and thereon allege, that defendants, unless restrained, will continue to violate the limitations upon their legal authority in Utah. Plaintiffs therefore request that defendants be enjoined from so doing, and that

plaintiffs be awarded their damages, costs and fees incurred in suffering or resisting such predations.

## SECOND CLAIM BY CLASS FOR VIOLATION OF UTAH PATTERN OF UNLAWFUL ACTIVITY ACT

20. Plaintiffs hereby incorporate by reference as though fully set forth at length herein all preceding paragraphs of this Complaint.

21. As hereinabove alleged, defendants are enterprises within the meaning of § 76-10-1602(1), UCA (1953).

22. The practice of denial of religion by defendants has been repeated thousands of times, and constitutes a pattern of unlawful activity within § 76-10-1603, UCA (1953), in violation of § 76-10-1602(4)(h) any act prohibited by the criminal provisions of Title 61, Chapter 1, Utah Uniform Securities Act, (u) theft, (z) forgery, (ee) defrauding creditors, (gg) unlawful dealing with property by fiduciary, (pp) mortgage fraud and (ffff) any act prohibited by the criminal provisions of Chapter 10, Part 19, Money Laundering and Currency Transaction Reporting Act.

23. Plaintiffs have incurred legal fees and costs herein. Such losses and costs are recoverable under § 76-10-1605, UCA (1953).

Wherefore, Plaintiffs pray for judgment as hereinafter set forth.

## THIRD CLAIM BY CLASS FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

24. Plaintiffs hereby incorporate by reference as though fully set forth at length herein all preceding paragraphs of this Complaint.

25. Defendants have engaged in the conduct hereinabove described knowing and intending that such conduct was unlawful and would cause plaintiffs such losses.

26. Plaintiffs have in fact been subjected to severe emotional distress as a result of such conduct by defendants, and continue to be subjected to such distress, in amounts to be shown at trial.

27. Plaintiffs are informed and believe, and thereon allege, that, unless restrained, defendants will continue to violate the rights of the plaintiffs to their irreparable injury.  Plaintiffs therefore request injunctive relief stopping further such conduct, together with appropriate damages.

28. Plaintiff class has been damaged in an amount not less than Twenty Five Thousand Dollars for each member of the class.

Wherefore, Plaintiffs pray for judgment and a decree as hereinafter set forth.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs seek relief from this Court in the following respects:

1. The Court declare, adjudge and decree that this action is a proper class action and certify the plaintiff Class and the Utah Class.

2. The Court declare, adjudge and decree that defendants violated the Utah Pattern of Unlawful Activity Act as hereinabove set forth.

4. The Court decree such other injunctive relief and/or enter such other orders as are necessary to dissipate or relieve the effects of the aforesaid violations and illegal acts by defendants.

5. Damages pursuant to 15 U.S.C. § 1692k(a) and § 76-10-1605, UCA (1953).

6. Reasonable attorneys fees and costs of suit pursuant to 15 U.S.C § 1692k(a)(3) and § 76-10-1605(2), UCA (1953).

7. Damages for intentional infliction of emotional distress, together with appropriate

costs and attorney's fees.

8. Pre-judgment and post-judgment interest as provided by law.

9. Such other relief as the Court deems just and proper.

Dated: December 27, 2013.

      /s/ E. Craig Smay
    E. CRAIG SMAY

*Attorney for Plaintiffs*