# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
## CENTRAL DIVISION

| | |
|---|---|
| PIDGE WINBURN & AMY FOWLER, <br><br> Plaintiffs, <br><br> v. <br><br> STATE OF UTAH, LDS CHURCH, <br><br> Defendants. | MEMORANDUM DECISION & ORDER <br><br> Case No. 2:13-cv-01129 <br><br> United States District Court Judge Tena Campbell <br><br> Magistrate Judge Dustin Pead |

On December 27, 2013, attorney E. Craig Smay ("Smay") filed a Class Action Complaint, on behalf of Plaintiffs Amy Fowler ("Fowler"), Pidge Winburn ("Winburn") and other "similarly situated" individuals, alleging that Defendants, the State of Utah and Church of Jesus Christ of Latter-day Saints ("Defendants"), had "regularly denied plaintiffs freedom of religion and the right to marry" (doc. 2, p. 4). On January 2, 2014, the case was terminated pursuant to a Notice of Voluntary Dismissal filed by Fowler and Winburn who asserted that they had not authorized Smay to file a lawsuit or complaint on their behalf (doc. 3).

On January 17, 2014, Smay filed a "Motion to Reopen" the case arguing that it had been improperly dismissed (doc. 5).[1] In support of his motion, Smay asserts that because Fowler and Winburn's names "appear[ed] in the press"[2] they "exhausted" any right to object to their involvement in the case as a class action plaintiffs (doc. 5, pg.1).

---

[1]The motion is currently before Magistrate Judge Pead pursuant to a 28 USC §636 (b)(1)(A) referral from District Court Judge Tena Campbell (doc. 9).

[2]Smay is presumably referencing a December 31, 2013, Salt Lake Tribune article regarding Fowler and Winburn's first Christmas together as a legally married same sex couple (doc. 3-1).

On April 10, 2014, Smay filed a "Motion To Seal" asking that the case be sealed in order to "protect the identity of plaintiffs and others who may wish to become nominal plaintiffs herein." (doc. 8).

Local rule DUCivR7-1 states that any motion and memorandum filed with the Court must include: (1) a section stating the relief sought and the "specific grounds for the motion"; and (2) additional sections that include a "recitation of relevant facts, supporting authority, and argument." DUCivR 7-1. Upon review, the Court concludes that the "Motion to Reinstate" and memorandum in support thereof are deficient and fail to comply with the requirements of the local rule. Specifically, the one page document filed with the Court fails to include any recitation of relevant facts, supporting authority or argument. Further, while the motion vaguely references "FRCP 23" the document lacks any analysis of Rule 23 or its applicability to the pending request to reinstate.

It is not the province of the Court to undertake the task of constructing arguments on a party's behalf. Accordingly, the pending Motion To Reopen (doc. 5) is hereby denied, and the Motion To Seal is moot (doc. 8).

DATED this 21st day of April, 2014.

_____
Dustin Pead
U.S. Federal Magistrate Judge